Susanne **EDGMON** and Garrett Edgmon, Plaintiffs— Appellants,

v.

**UNITED STATES** of America, Defendant—Appellee.

No. 10–35538.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 29, 2011.

Filed Sept. 1, 2011.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tober 2002, but also found that the Edgmons had not shown by a preponderance of the evidence that those tests would have detected Susanne's ovarian cancer. In addition, the district court rejected the Edgmons' expert's contention that Susanne's ovarian cancer would have been detected had the doctors at Kanakanak referred her to a facility that had the equipment and capability to conduct a computerized tomography scan ("CT scan"). Instead the district court accepted the government's experts' contentions that a CT scan would not necessarily have detected the cancer. Because the Edgmons had not shown that the tests would have resulted in an earlier cancer diagnosis, the court concluded that they had failed to prove that Kanakanak's breach caused them any damages.

On appeal, the Edgmons contend that the district court erred: (1) by failing to find that had the doctors at Kanakanak performed the three annual exam tests or a CT scan at least in October 2002, Susanne's ovarian cancer would have been diagnosed earlier; and (2) assuming that the district court erred in its first conclusion, then it also erred by failing to award the Edgmons damages.

The district court's factual determinations are reviewed for clear error. Fed. R.Civ.P. 52(a)(6); *Yako v. United States,* 891 F.2d 738, 745 (9th Cir.1989). A finding is clearly erroneous if the reviewing court, after reviewing "the entire record, is left with a definite and firm conviction that a mistake has been made." *Beech Aircraft Corp. v. United States,* 51 F.3d 834, 838 (9th Cir.1995). However, "[a]n appellate court must be especially reluctant to set aside a finding based on the trial judge's evaluation of conflicting lay or expert oral testimony." *Id.* (citations omitted). We are bound by our standard of review. Under that standard, we cannot say that the district court clearly erred in its findings

of fact or conclusions of law. Fed.R.Civ.P. 52(a)(6); *Yako,* 891 F.2d at 745.

The Edgmons contend that the district court should have given more weight to their evidence, particularly their expert's proffered testimony. Here, the Edgmons' expert was an internist with no specialized training in oncology. The government's experts were both gynecologic-oncologists. While the Edgmon's expert testified that some of Susanne's medical issues in October of 2002 were symptoms of ovarian cancer and that a CT scan administered at that time would have disclosed the cancer, the government's experts reached the opposite conclusion regarding both the symptoms and the CT scan. Where the Edgmons' expert's testimony regarding ovarian cancer symptoms differed from the government's experts' testimony, the district court accepted the government's experts' testimony.

The district court did not clearly err in giving greater weight to the government's experts' opinions. *See Beech Aircraft Corp.,* 51 F.3d at 838. Nor do we find any clear error in the weight given by the district court to any of the other evidence. Because the Edgmons have failed to show that the district court clearly erred in finding that Susanne's cancer would not have been detected had the annual exam tests or the CT scan been administered in 2002, it follows that they cannot show damages from Kanakanak's negligence as the statutory proximate cause element is missing. *See* AS 09.55.540(a)(3) ("as a proximate result of … the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred").

**AFFIRMED.**